IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No._____ |
| | ) | |
| | ) | **Counts 1-16,29, 30** |
| Plaintiff, | ) | 18 U.S.C. §1344 |
| | ) | (Bank Fraud) |
| | ) | NMT 30 years |
| | ) | NMT $1,000,000 Fine |
| v. | ) | NMT 5 years Supervised Release |
| | ) | Class A Felony |
| | ) | |
| | ) | **Counts 17,19,21,23, 27** |
| | ) | 18 U.S.C. §1956 |
| KHALID OUAZZANI, | ) | (Money Laundering) |
| [DOB: 12/17/1977] | ) | NMT 20 years |
| | ) | NMT $500,000 Fine |
| | ) | NMT 3 years Supervised Release |
| Defendant. | ) | Class B Felony |
| | ) | |
| | ) | **Counts 18,20,22,24,28** |
| | ) | 18 U.S.C. §1957 |
| | ) | (Money Laundering) |
| | ) | NMT 10 years |
| | ) | NMT $250,000 Fine |
| | ) | NMT 3 years Supervised Release |
| | ) | Class C Felony |
| | ) | |
| | ) | **Counts 25-26** |
| | ) | 18 U.S.C. §2314 |
| | ) | (Interstate fraud) |
| | ) | NMT 10 years |
| | ) | NMT $250,000 Fine |
| | ) | NMT 3 years Supervised Release |
| | ) | Class C Felony |
| | ) | |
| | ) | **Counts 31-33** |
| | ) | 18 U.S.C. §1001 |
| | ) | (False statement to government agency) |
| | ) | NMT 5 years |
| | ) | NMT $250,000 Fine |
| | ) | NMT 3 years Supervised Release |
| | ) | Class D Felony |

<table>
<tr><td>)</td><td>$100 special assessment each count</td></tr>
<tr><td>)</td><td></td></tr>
<tr><td>)</td><td>Allegations of Forfeiture:</td></tr>
<tr><td>)</td><td>18 U.S.C. § 982</td></tr>
</table>

# I N D I C T M E N T

**The Grand Jury charges:**

## COUNTS ONE-FIVE
### (Bank Fraud-Bank of America)

1.   Between on or about December 1, 2006 and continuing up to the date of return of this Indictment, defendant KHALID OUAZZANI  ("OUAZZANI")  knowingly devised a scheme to defraud a financial institution, Bank of America, an insured depository institution, as defined in section 3(c)(2) of the Federal Deposit Insurance Act, and to obtain moneys, funds, and credits owned by and under the control of Bank of America by means of material false and fraudulent pretenses, representations, and promises, which scheme was in substance as follows.

2.   It was part of the scheme to defraud Bank of America that between in or about August 2006 and April 2007, at tax foreclosure sales in Jackson County and St. Louis County, Missouri, OUAZZANI purchased and caused to be purchased a number of  parcels of real estate and obtained deeds for these parcels of real estate, including, but not limited to those specifically referred to below.

3.   It was a further part of the scheme to defraud Bank of America that between in or about December 2006 and April 2007, OUAZZANI obtained a number of home equity line of credit loans totaling approximately $278,000.00 from Bank of America on certain of the parcels of real estate purchased at tax foreclosure sales referred to above.

2

4.   It was a further part of the scheme to defraud Bank of America that in order to obtain the home equity line of credit loans, OUAZZANI knowingly made one or more of the following types of material false and fraudulent statements and representations to Bank of America, including but not limited to: (1) substantially over-stating the value of real estate securing the loan, to obtain home equity lines of credit substantially higher than the actual value of such real estate; (2) misrepresenting that the real estate was valuable investment property; and (3) providing false and fraudulent information about his personal financial condition and his marital status, including failing to disclose that he was married and there was a legal spousal interest in such property.

5.   It was a further part of the scheme to defraud Bank of America that OUAZZANI knowingly submitted material false and fraudulent information to Bank of America concerning his personal income, including submitting a federal income tax return for the year 2005 substantially overstating his income for that year compared to the amount OUAZZANI reported on the 2005 tax return he actually filed with the Internal Revenue Service in connection with one of the loan applications.

6.   It was a further part of the scheme to defraud Bank of America that OUAZZANI knowingly made draws on the home equity line of credit loans of approximately $277,900.00 from Bank of America, obtaining substantially more funds than the real estate securing the loans was actually worth.

7.   It was further part of the scheme to defraud Bank of America that OUAZZANI transferred substantial amounts of loan proceeds to bank accounts outside the United States.

3

8.   It was a further part of the scheme to defraud Bank of America that OUAZZANI defaulted on payments on the home equity lines of credit loans from Bank of America, resulting in a loss of approximately $241,000.00 to Bank of America.

9.   On or about the dates listed below, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI, did knowingly execute and attempt to execute the foregoing scheme to defraud Bank of America in connection with applications for home equity line of credit loans, by knowingly making material false and fraudulent misrepresentations concerning the value of the real property for each such loan and knowingly providing material false and fraudulent financial information to Bank of America, each such execution constituting a separate violation of 18 U.S.C. § 1344:

| COUNT | Date of Loan | Address of Property for Home Equity Line of Credit Loan | Amount of Loan |
|-------|--------------|--------------------------------------------------------|----------------|
| One | 12/06/2006 | 4414 E. 24th Street<br>Kansas City, MO 64127 | $67,200.00 |
| Two | 12/08/2006 | 3745 Prospect Avenue<br>Kansas City, MO 64128 | $44,000.00 |
| Three | 01/10/2007 | 9611 E. Independence<br>Kansas City, MO 64053 | $49,900.00 |
| Four | 03/24/2007 | 5665 Helen Avenue<br>St. Louis, MO 63136 | $54,400.00 |
| Five | 04/11/2007 | 418 Kensington Avenue<br>Kansas City, MO 64124 | $62,400.00 |

All in violation of 18 U.S.C. §§ 1344 and 2.

4

## COUNT SIX-TEN
### (Bank Fraud-Bank of America)

10.    The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs one (1) through eight (8) of this Indictment.

11.    On or about the dates listed below, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did knowingly execute and attempt to execute the foregoing scheme to defraud Bank of America and to obtain moneys, funds, and credits owned by and under the control of Bank of America by means of material false and fraudulent pretenses, representations, and promises, by drawing funds in the amounts indicated below from the various equity lines of credit OUAZZANI had obtained from Bank of America, each such drawing of funds constituting a separate execution of the scheme to defraud in violation of 18 U.S.C. § 1344:

| COUNT | Date of Drawing of Funds | Address of Property on Equity Line of Credit | Amount of Draw on Equity Line of Credit |
|-------|--------------------------|----------------------------------------------|------------------------------------------|
| Six | 12/07/2006 | 4414 E. 24th Street Kansas City, MO 64127 | $67,200.00 |
| Seven | 01/18/2007 | 3745 Prospect Avenue Kansas City, MO 64128 | $44,000.00 |
| Eight | 03/16/2007 | 9611 E. Independence Kansas City, MO 64053 | $49,900.00 |
| Nine | 04/05-11/2007 | 5665 Helen Avenue St. Louis, MO 63136 | $54,400.00 |
| Ten | 04/16/2007 | 418 Kensington Avenue Kansas City, MO 64124 | $62,400.00 |

All in violation of 18 U.S.C. §§ 1344 and 2.

5

## COUNT ELEVEN
### (Bank Fraud-Union Bank)

12.   On or about October 9, 2006, defendant KHALID OUAZZANI ("OUAZZANI") formed Hafssa  LLC, a Missouri Limited Liability Company (LLC), 8009 E. Truman Road, Kansas City, MO, which was in the retail business of buying and selling used auto parts and used motor vehicles. On or about February 6, 2007, OUAZZANI filed a fictitious name registration for Hafssa LLC as Truman Used Auto Parts.  OUAZZANI was the owner and operator of Hafssa LLC, dba Truman Used Auto Parts.

13.   Between on or about March  2007 and October , 2008,  OUAZZANI knowingly devised a scheme to defraud a financial institution, Union Bank, Kansas City, MO, an insured depository institution, as defined in section 3(c)(2) of the Federal Deposit Insurance Act, and to obtain moneys, funds, and credits owned by and under the control of Union Bank by means of material false and fraudulent pretenses, representations, and promises, which scheme was in substance as follows.

14.   It was part of the scheme to defraud Union Bank that in or about April 2007, OUAZZANI applied for a line of credit commercial loan from Union Bank to Hafssa LLC, dba Truman Used Auto Parts; and submitted material false and fraudulent financial information, and knowingly omitted material information, to Union Bank in connection with this loan application, including the following:

a.   2005 U.S. Income Tax Return: OUAZZANI knowingly submitted a material false 2005 federal personal income tax return which substantially overstated the amount of income he had in that year as compared with the 2005 federal income tax return OUAZZANI actually filed with the Internal Revenue Service.

6

b. Real estate listed on personal financial statement: OUAZZANI knowingly submitted a personal financial statement, including material false statements concerning the value of approximately nine (9) parcels of real estate, which he had purchased at tax foreclosure sales, and the concealment of the material fact that he was married and there was a spousal interest in such real estate.

c. Business inventory for Truman Used Auto Parts: OUAZZANI knowingly caused to be submitted a "borrowing base certificate" dated May 17, 2007, substantially overstating the amount of business inventory Truman Auto Parts had, claiming that the business inventory totaled over $680,000.00, whereas the actual business inventory was substantially less than that amount.

15. It was a further part of the scheme to defraud Union Bank that on or about April 16, 2007, OUAZZANI caused Union Bank to make a $175,000.00 commercial loan line of credit from Union Bank to Hafssa LLC, dba Truman Used Auto Parts for "working capital" based on material false and fraudulent financial information OUAZZANI submitted to Union Bank.

16. It was a further part of the scheme to defraud Union Bank that, when OUAZZANI signed the Promissory Note and other loan documents for the $175,000.00 commercial loan line of credit from Union Bank to Hafssa LLC, dba Truman Used Auto Parts, OUAZZANI knowingly made material false and fraudulent statements and representations that Hafssa LLC, dba Truman Used Auto Parts, had all regulatory licenses required to operate its business, whereas neither the company nor OUAZZANI had the required licenses from the State of Missouri to sell used auto parts or motor vehicles.

17. It was a further part of the scheme to defraud Union Bank that OUAZZANI made withdrawals of approximately $181,000.00 on the commercial loan line of credit from Union Bank

to Hafssa LLC, dba Truman Used Auto Parts, and used a substantial amount of proceeds from the line of credit for purposes other than "working capital" for the auto parts business as required by Union Bank.

18.  It was a further part of the scheme to defraud Union Bank that OUAZZANI diverted receipts from the operation of Hafssa LLC, dba Truman Used Auto Parts, so that these funds were not used to repay Union Bank but rather for the use and benefit of OUAZZANI, including but not limited to (1) a check for $10,000.00 to an individual-Atlantic Realty on 03/17/08 and (2) a wire transfer of $9,000.00 on 10/14/08, payable to the same individual in Australia.

19.  It was a further part of the scheme to defraud Union Bank that OUAZZANI defaulted on payments on the line of credit commercial loan from Union Bank to Hafssa LLC, dba Truman Used Auto Parts, resulting in a loss of over $174,000.00 to Union Bank.

20.  In or about April 2007, at Kansas City, in the Western District of Missouri, defendant KHALID OUAZZANI did knowingly execute and attempt to execute the foregoing scheme to defraud Union Bank by submitting material false and fraudulent financial information about Hafssa LLC, dba Truman Used Auto Parts, and about OUAZZANI's personal assets, to induce Union Bank to approve a $175,000.00 "working capital" commercial loan line of credit to Hafssa LLC, dba Truman Used Auto Parts;

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNTS TWELVE-SIXTEEN
### (Bank Fraud-Union Bank)

21.  The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs twelve (12) through nineteen (19) of this Indictment.

22. On or about the dates listed below, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did knowingly execute and attempt to execute the foregoing scheme to defraud Union Bank, Kansas City, MO and to obtain moneys, funds, and credits owned by and under the control of Union Bank by means of false and fraudulent pretenses, representations, and promises, by drawing and causing to be drawn the amounts of funds listed below on the working capital commercial line of credit loan from Union Bank, each such drawing of funds constituting a separate execution of the scheme to defraud and a separate violation of 18 U.S.C. § 1344:

| COUNT | Date of drawing of funds on commercial line of credit to Hafssa LLC from Union Bank | Amount of funds drawn on commercial line of credit to Hafssa LLC from Union Bank |
|---|---|---|
| Twelve | 04/25/2007 | $75,000.00 |
| Thirteen | 04/30/2007 | $75,000.00 |
| Fourteen | 05/17/2007 | $21,000.00 |
| Fifteen | 07/02/2007 | $5,000.00 |
| Sixteen | 07/17/2007 | $5,000.00 |

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNT SEVENTEEN
### (Money Laundering- Bank of America Funds)

23. The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs one (1) through eight (8) of this Indictment.

24. On or about April 16, 2007, OUAZZANI caused to be transferred approximately $62,400.00 from an equity line of credit on 418 Kensington Avenue, Kansas City, MO to an account at Bank of America, in violation of 18 U.S.C. § 1344, as alleged in Count Ten of this Indictment.

9

25.  On or about April 16, 2007, OUAZZANI used the $62,400.00 to cover a check, no. 172, in the amount of $55,000.00 drawn on an account at Bank of America, payable to OUAZZANI, and deposited to an account of Hafssa LLC, dba Truman Used Auto Parts at Union Bank, Kansas City, MO.

26.  On or about April 30, 2007, OUAZZANI caused a wire transfer of $38,000.00 from the account at Union Bank to be made to an account in the name of an individual at BMCE Bank in Marrakech, Morocco.  The source of the $38,000.00 funds was the Bank of America line of credit loan secured by 418 Kensington Avenue, Kansas City, MO.

27.  On or about April 30, 2007, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did knowingly conduct a financial transaction, a wire transfer of $38,000 from a place in the United States, that is, Union Bank, Kansas City, MO, to a place outside the United States, that is, an account in the name of an individual at BMCE Bank, Marrakech, Morocco, OUAZZANI knowing that the funds involved in the transaction represented the proceeds of some form of unlawful activity and knowing that such transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, bank fraud as alleged in Counts Five and Ten of this Indictment;

All in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and 2.

## COUNT EIGHTEEN
### (Money Laundering-Bank of America Funds)

28.    The grand jury realleges and incorporates by reference the factual allegations in paragraphs one (1) through eight (8) and twenty-three (23) through twenty-six (26) of Count Seventeen (17) of this Indictment.

29.    On or about April 30, 2007, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, that is, a wire transfer of $38,000.00 in funds to an account in the name of an individual at BMCE Bank, Marrakech, Morocco, such property having been derived from a specified unlawful activity, that is, bank fraud in violation of 18 U.S.C. § 1344, as charged in Count Five and Ten of this Indictment;

All in violation of 18 U.S.C. §§ 1957 and 2.

## COUNT NINETEEN
### (Money Laundering-Union Bank Funds)

30.    The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs twelve (12)  through nineteen (19) of this Indictment.

31.    On or about April 25, 2007, OUAZZANI caused to be drawn an advance of $75,000.00 on the working capital commercial loan  line of credit from Union Bank and caused the funds to be deposited into an account of Hafssa LLC, dba Truman Used Auto Parts at Union Bank in violation of 18 U.S.C. § 1344, as alleged in Count Twelve of this Indictment.

11

32. On or about April 30, 2007, OUAZZANI caused to be drawn an advance of $75,000.00 on the working capital commercial loan line of credit from Union Bank and caused the funds to be deposited into an account of Hafssa LLC, dba Truman Used Auto Parts at Union Bank in violation of 18 U.S.C. § 1344, as alleged in Count Thirteen of this Indictment.

33. On or about April 30, 2007, OUAZZANI drew a counter check on the account of Hafssa LLC, dba Truman Used Auto Parts at Union Bank in the amount of $75,000.00 and deposited such check into a Bank of America account.

34. On or about May 1, 2007, OUAZZANI caused a wire transfer of $48,000.00 from the Bank of America account to an account in the name of an individual at Kuwait Turkish Participation Bank, Inc., Kayseri Subesi, Turkey. The source of the $48,000 in funds was the $150,000.00 in advances on the Union Bank working capital commercial loan line of credit referred to above.

35. On or about May 1, 2007, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did knowingly conduct a financial transaction, a wire transfer of $48,000.00 from a place in the United States, that is, Bank of America, Kansas City, MO, to a place outside the United States, that is, an account in the name of an individual at Kuwait Turkish Participation Bank, Inc., Kayseri Sabesi, Turkey, OUAZZANI knowing that the funds involved in the transaction represented the proceeds of some form of unlawful activity and knowing that such transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, bank fraud as alleged in Counts Twelve and Thirteen of this indictment;

All in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and 2.

12

## COUNT TWENTY
### (Money Laundering-Union Bank Funds)

36.     The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs thirty (30) through thirty-four (34) of this Indictment.

37.     On or about May 1, 2007, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, that is, a wire transfer of $48,000.00 from Bank of America, Kansas City, MO, to an account in the name of an individual at Kuwait Turkish Participation Bank, Inc., Kayseri Sabesi, Turkey, such property having been derived from a specified unlawful activity, that is, bank fraud in violation of 18 U.S.C. § 1344, as charged in Counts Twelve and Thirteen of this Indictment;

All in violation of 18 U.S.C. §§ 1957 and 2.

## COUNT TWENTY-ONE
### (Money Laundering-Union Bank Funds)

38.     The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs twelve (12) through nineteen (19) of this Indictment.

39.     On or about April 25, 2007, OUAZZANI caused to be drawn an advance of $75,000.00 on the working capital commercial loan line of credit from Union Bank and caused the funds to be deposited into an account of Hafssa LLC, dba Truman Used Auto Parts at Union Bank, in violation of 18 U.S.C. § 1344, as alleged in Count Twelve of this Indictment.

40.     On or about April 30, 2007, OUAZZANI caused to be drawn an advance of $75,000.00 on the commercial loan working capital line of credit from Union Bank and deposited the funds into

13

an account of Hafssa LLC, dba Truman Used Auto Parts, at Union Bank in violation of 18 U.S.C. § 1344, as alleged in Count Thirteen of this Indictment. On or about April 30, 2007, OUAZZANI drew a counter check in the amount of $75,000.00 on the Hafssa LLC, dba Truman Used Auto Parts, account at Union Bank and deposited such check into an account at Bank of America, Kansas City, MO.

41.  On or about May 10, 2007, OUAZZANI used the $150,000.00 in advances on the Union Bank working capital commercial loan working line of credit referred to above to cover a check, no. 1019, in the amount of $50,000.00 drawn on an account of Hafssa LLC, dba Truman Used Auto Parts at Union Bank, payable to OUAZZANI, and deposited such check into a Bank of America account.

42.  On or about May 10, 2007, OUAZZANI caused a wire transfer of $47,000.00 from the Bank of America account into which the $50,000.00 check had been deposited to an account in the name of an individual at Kuwait Turkish Participation Bank, Inc, Istanbul, Turkey. The source of the $47,000.00 was the $150,000.00 in advances on the Union Bank working capital commercial loan line of credit referred to above.

43.  On or about May 10, 2007, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did knowingly conduct a financial transaction, a wire transfer of $47,000.00, from a place in the United States, that is, Bank of America, Kansas City, MO, to a place outside the United States, that is, an account in the name of an individual at Kuwait Turkish Participation Bank, Inc., Istanbul, Turkey, OUAZZANI knowing that the funds involved in the transaction represented the proceeds of some form of unlawful activity and knowing that such transaction was designed in whole or in part to conceal and disguise the nature, location, source,

14

ownership, and control of the proceeds of specified unlawful activity, that is, bank fraud as alleged in Counts Twelve and Thirteen of this indictment;

All in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and 2.

## COUNT TWENTY-TWO
### (Money Laundering-Union Bank Funds)

44.　The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs thirty-eight (38) through forty-two (42) of this Indictment.

45.　On or about May 10, 2007, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, that is, a wire transfer of $47,000.00 from Bank of America, Kansas City, MO, to an account in the name of an individual at Kuwait Turkish Participation Bank, Inc., Istanbul, Turkey, such property having been derived from a specified unlawful activity, that is, bank fraud in violation of 18 U.S.C. § 1344, as charged in Counts Twelve and Thirteen of this Indictment;

All in violation of 18 U.S.C. §§ 1957 and 2.

## COUNT TWENTY-THREE
### (Money Laundering-Union Bank Funds)

46.　The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs twelve (12) through nineteen (19) of this Indictment.

47.　On or about April 25, 2007, OUAZZANI caused to be drawn an advance of $75,000.00 on the working capital commercial loan line of credit from Union Bank and caused the funds to be deposited into an account of Hafssa LLC, dba Truman Used Auto Parts at Union Bank, in violation of 18 U.S.C. § 1344, as alleged in Count Twelve of this Indictment.

15

48.  On or about April 30, 2007, OUAZZANI caused to be drawn an advance of $75,000.00 on the working capital commercial loan line of credit from Union Bank and caused the funds to be deposited into an account of Hafssa LLC, dba Truman Used Auto Parts at Union Bank, in violation of 18 U.S.C. § 1344, as alleged in Count Thirteen of this Indictment.

49.  On or about May 17, 2007, OUAZZANI caused to be drawn an advance of $21,000.00 on the working capital commercial loan line of credit from Union Bank and caused the funds to be deposited into an account of Hafssa LLC, dba Truman Used Auto Parts at Union Bank, in violation of 18 U.S.C. § 1344, as alleged in Count Fourteen of this Indictment.

50.  On or about April 30, 2007 through May 21, 2007, OUAZZANI caused to be drawn three (3) counter checks totaling $115,000.00 payable to OUAZZANI and two (2) checks, no. 1019 and no. 1069, totaling $60,000.00, all drawn on an account of Hafssa LLC, dba Truman Used Auto Parts at Union Bank, payable to OUAZZANI, and caused all of the foregoing checks to be deposited into a Bank of America account.

51.  On or about May 23, 2007, OUAZZANI caused a wire transfer of approximately $112,830.00 from Bank of America to an account in the name of New World Star Real Estate, Habib Bank Limited, Dubai, United Arab Emirates.  The source of the funds was the $171,000.00 in advances on the Union Bank working capital commercial loan line of credit referred to above.

52.  On or about May 23, 2007, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did conduct a financial transaction, a wire transfer of $112,830.00, from a place in the United States, that is, Bank of America, Kansas City, MO, to a place outside the United States, that is, an account in the name of New World Star Real Estate, Habib Bank Limited, Dubai, United Arab Emirates, OUAZZANI knowing that the funds involved

in the transaction represented the proceeds of some form of unlawful activity and knowing that such transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, bank fraud as alleged in Counts Twelve, Thirteen, and Fourteen of this Indictment;

All in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and 2.

## COUNT TWENTY-FOUR
### (Money Laundering-Union Bank Funds)

53. The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs forty-six (46) through fifty-one (51) of this Indictment.

54. On or about May 23, 2007, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, that is, a wire transfer of $112,830.00, from Bank of America, Kansas City, MO, to an account in the name of New World Star Real Estate, Haabib Bank Limited, Dubai, United Arab Emirates, such property having been derived from a specified unlawful activity, that is, bank fraud in violation of 18 U.S.C. § 1344, as charged in Counts Twelve and Thirteen of this Indictment;

All in violation of 18 U.S.C. §§ 1957 and 2.

## COUNT TWENTY-FIVE
### (Interstate Fraud-Sale of Hafssa LLC)

55. Between in or about September and November, 2007 , defendant KHALID OUAZZANI devised and intended to devise a scheme to defraud and to obtain money by means of material false

17

and fraudulent pretenses, representations and promises in connection with the sale of his business, Hafssa LLC, dba Truman Used Auto Parts, 8009 E. Truman Road, Kansas City, MO.

56.  It was part of the scheme that in or about September, 2007, OUAZZANI advertised Hafssa LLC, dba Truman Used Auto Parts, for sale.

57.  It was a further part of the scheme that between September and November, 2007, OUAZZANI met with a prospective purchaser of the business, a resident of Olathe, Kansas ("the purchaser") and on multiple occasions made material false and fraudulent pretenses, representations, and promises to the purchaser concerning Hafssa LLC, dba Truman Used Auto Parts, including but not limited to (1) overstating the value of the inventory of Hafssa LLC and (2) concealing the material fact that Hafssa LLC had a debt of approximately $175,000.00 to Union Bank, Kansas City, MO based on a working capital commercial loan line of credit from Union Bank.

58.  It was a further part of the scheme that OUAZZANI caused the purchaser to borrow approximately $100,000.00 from a relative to purchase Hafssa LLC, dba Truman Used Auto Parts from OUAZZANI.

59.  On or about November 12, 2007, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI knowingly induced the purchaser to travel in interstate commerce, between Olathe, Kansas and Kansas City, Missouri, in the execution of a scheme to defraud him of money having a value of $5,000 or more, that is, $100,000.00 for the purchase of Hafssa LLC, dba Truman Used Auto Parts;

All in violation of 18 U.S.C. §§ 2314 and 2.

18

## COUNT TWENTY-SIX
### (Interstate Fraud-Sale of Hafssa LLC)

60.   The Grand Jury realleges and incorporates by reference the allegations in paragraphs fifty-five (55) through fifty-eight (58) of this Indictment.

61.   In order to purchase Hafssa LLC, dba Truman Used Auto Parts from defendant KHALID OUAZZANI, the purchaser obtained an Official Check in the amount of $100,000.00 from a branch of Commerce Bank N.A. in Johnson County, Kansas and transported such Official Check from Olathe, Kansas to OUAZZANI in the Western District of Missouri, where OUAZZANI deposited such check into an account of Hafssa LLC at Bank of America, Kansas City, Missouri.

62.   On or about November 14, 2007, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI knowingly caused the transportation in interstate commerce, between Olathe, Kansas and Kansas City, Missouri, securities and money of the value of $5,000.00 or more, that is, an Official Check in the amount of $100,000.00 drawn on Commerce Bank N.A., defendant OUAZZANI knowing the Official Check to have been converted and taken by fraud;

All in violation of 18 U.S.C. §§ 2314 and 2.

## COUNT TWENTY-SEVEN
### (Money Laundering-Sale of Hafssa LLC)

63.   The Grand Jury realleges and incorporates by reference the allegations in paragraphs sixty (60) through sixty-one (61) of this Indictment.

64.   On or about November 15, 2007, defendant KHALID OUAZZANI deposited a $100,000.00 Official Check drawn on Commerce Bank N.A., which Official Check the purchaser had provided him in connection with the purchase of Hafssa LLC, dba Truman Used Auto Parts, into

an account of Hafssa LLC at Bank of America, Kansas City, MO. On or about November 28, 2007, OUAZZANI caused a wire transfer of $50,000.00 from the Bank of America account to an account of an individual at HSBC Bank Middle East, Sharjah, United Arab Emirates.

65. On or about November 28, 2007, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did knowingly conduct a financial transaction affecting interstate and foreign commerce, that is, a wire transfer of $50,000, from a place in the United States, that is, Bank of America, Kansas City, MO, to a place outside the United States, that is, an account in the name of an individual at HSBC Bank Middle East, Sharjah, United Arab Emirates, defendant OUAZZANI knowing that the funds involved in the transaction represented the proceeds of some form of unlawful activity and knowing that such transportation was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, causing interstate travel in connection with a scheme to defraud and interstate transportation of money obtained by fraud, as alleged in Counts Twenty-Five and Twenty-Six of this Indictment;

All in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and 2.

## COUNT TWENTY-EIGHT
### (Money Laundering-Sale of Hafssa LLC)

66. The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs sixty-three (63) and sixty-four (64) of this Indictment.

67. On or about November 28, 2007, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property of a

20

value greater than $10,000, that is a wire transfer of $50,000.00 in funds from an account at Bank of America, Kansas City, Missouri, to an account in the name of an individual at HSBC Bank Middle East, Sharjah, United Arab Emirates, such property having been derived from a specified unlawful activity, that is, causing interstate travel in connection with a scheme to defraud and interstate transportation of money obtained by fraud, as alleged in Counts Twenty-Five and Twenty-Six of this Indictment;

All in violation of 18 U.S.C. §§ 1957 and 2.

## COUNT TWENTY-NINE
**(Bank Fraud-Bank Midwest)**

68.    On or about March 6, 2009, defendant KHALID OUAZZANI knowingly devised a scheme to defraud a financial institution, Bank Midwest N.A., Kansas City, MO, an insured depository institution, as defined in section 3(c)(2) of the Federal Deposit Insurance Act, and to obtain moneys, funds, and credits owned by and under the control of Bank Midwest N.A. by means of material false and fraudulent pretenses, representations, and promises, which scheme was in substance as follows.

69.   It was part of the scheme to defraud Bank Midwest that OUAZZANI stated to the bank that he was starting to operate Cricket cellular telephone business in the Kansas City, MO metropolitan area.

70.    It was a further part of the scheme to defraud Bank Midwest N.A. that on or about March 6, 2009, OUAZZANI submitted a loan application to the State Line branch of Bank Midwest N.A., Kansas City, MO, for a home equity line of credit on real property located at 8813 Eastern Avenue, Kansas City, MO,  for $50,000.00, to be used for a cellular telephone business OUAZZANI

21

stated that he was going to run for his aunt, and that OUAZZANI provided what purported to be a Power of Attorney from his aunt.

71.   It was a further part of the scheme to defraud Bank Midwest N.A. that OUAZZANI knowingly made material false and fraudulent pretenses, representations and promises, to Bank Midwest N.A. in connection with this loan application, including but not limited to the following:

a.   On or about May 23, 2008, OUAZZANI falsely represented that his aunt was a resident of the Kansas City, MO area, that the aunt lived at 8813 Eastern Avenue, Kansas City, MO, that the aunt had purchased the residence "outright", that the residence had a value of $65,000.00. In fact, OUAZZANI rented the property at 8813 Eastern Avenue, Kansas City, MO; his aunt did not live at that address; and neither OUAZZANI nor the aunt owned this property.

b.   OUAZZANI falsely represented that his aunt, not OUAZZANI, was the owner of the cellular telephone stores in the Kansas City, MO area.

c.   OUAZZANI falsely represented that his aunt owned four rental properties in the Kansas City, MO area, each worth $100,000.00 and each with monthly rents of $875 per month.  In fact, the aunt did not own any such properties.  One of the four properties OUAZZANI stated that his aunt owned was 2230 Kensington, Kansas City, MO, which OUAZZANI, not the aunt, purchased at a tax foreclosure sale in or about August 2006, and which did not have the value or the rental income  that OUAZZANI stated that it had.

d.   OUAZZANI falsely represented that his aunt was a "consultant" for a company in New York but split her time between Kansas City and New York.

72.   Bank Midwest N.A. later informed OUAZZANI that it was declining to make the loan because the aunt did not live in the Kansas City, MO area.

22

73.   On or about March 6, 2009, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did knowingly execute and attempt to execute the foregoing scheme to defraud Bank Midwest N.A., Kansas City, MO and to obtain moneys, funds, and credits owned by and under the control of Bank Midwest N.A. by means of material false and fraudulent pretenses, representations, and promises, by applying for a $50,000.00 home equity line of credit on 8813 Eastern Avenue, Kansas City, MO, in the name of his aunt, and providing material false and fraudulent pretenses, representations, and promises to Bank Midwest, including but not limited to those described above, to induce the bank to make such a loan;

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNT THIRTY
### (Bank Fraud-Mazuma Credit Union)

74.   At all times material to this Count of the Indictment, defendant KHALID OUAZZANI owned, operated and controlled Cricket cellular telephone stores in the Kansas City, MO metropolitan area through two companies, Free Talk, LLC, a Missouri Limited Liability Company, and Free Talk KS, Inc., a Kansas corporation, both of which OUAZZANI caused to be formed.

75.   Between in or about April and June , 2009, defendant KHALID OUAZZANI knowingly devised a scheme to defraud a financial institution, Mazuma Credit Union, Kansas City, MO, a credit union with accounts insured by the National Credit Union Share Insurance Fund, and to obtain moneys, funds, and credits owned by and under the control of Mazuma Credit Union by means of material false and fraudulent pretenses, representations, and promises, which scheme was in substance as follows.

23

76.  It was part of the scheme to defraud Mazuma Credit Union that beginning in or about March 2009, OUAZZANI submitted a loan application to Mazuma Credit Union for $150,000.00 for inventory for the Cricket telephone stores.

77.  It was a further part of the scheme to defraud Mazuma Credit Union that OUAZZANI knowingly made  material false and fraudulent pretenses, representations and promises, to Mazuma Credit Union in connection with this loan application, including but not limited to the following:

a.  OUAZZANI falsely represented that his aunt, whom he represented to be the borrower, lived at 8813 Eastern Avenue, Kansas City, MO.  In fact, the aunt lived in New York.

b.  OUAZZANI falsely represented that his aunt was the owner of the Cricket cellular telephone stores in the Kansas City, MO area.  In fact, OUAZZANI was the owner of these stores.

c.  OUAZZANI falsely represented that his aunt owned five rental properties in the Kansas City, MO area, each worth between $45,000 and $87,500 and each with gross monthly rents of $650 to $850 per month.  In fact, the five properties were purchased at tax foreclosure sales, were not worth the value OUAZZANI stated they had, and did not produce the rental income OUAZZANI stated that they did.

78.  In July, 2009, Mazuma Credit Union informed OUAZZANI that it was declining to make the loan because the named borrower, the aunt, did not live in the Kansas City, MO area.

79.  Between in or about March, 2009 and June, 2009, at Kansas City, in the Western District of Missouri, and elsewhere, defendant KHALID OUAZZANI did knowingly execute and attempt to execute the foregoing scheme to defraud Mazuma Credit Union, Kansas City, MO and to obtain moneys, funds, and credits owned by and under the control of Mazuma Credit Union by means of false and fraudulent pretenses, representations, and promises, by applying for a

24

$150,000.00 commercial loan in the name of his aunt, and providing material false and fraudulent financial information and making material false and fraudulent pretenses, representations, and promises to Mazuma Credit Union, including but not limited to those described above, to induce the credit union to make such a loan;

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNTS THIRTY-ONE through THIRTY-THREE
### (False Statements to a Government Agency-Background Allegations)

80.   The State of Missouri, Department of Social Services, administered public assistance programs, including (1) the food stamp program, which was funded in part by the United States Department of Agriculture; (2) the Missouri Healthnet program (formerly known as Medicaid), which was funded in part by the United States Department of Health and Human Services; and (3) a temporary assistance program for needy persons, which was funded in part by the United States Department of Health and Human Services.

81.   In administering these assistance programs, the Missouri Department of Social Services obtained financial information from applicants to determine their eligibility for public assistance under the food stamp, Missouri Healthnet (Medicaid), and temporary assistance programs.  The completeness and accuracy of this financial information was material to the Missouri Department of Social Services and to the federal agencies which provided funds for these programs.

82.   On or about October 25, 2006, defendant KHALID OUAZZANI's then fiancé (and later wife) first applied to the Missouri Department of Social Services for Missouri Healthnet (Medicaid) benefits for herself and the defendant.  After their marriage on December 2, 2006, OUAZZANI'S wife re-applied for Missouri Healthnet (Medicaid) benefits for herself,  OUAZZANI, and  their two

25

minor children on or about January 24, 2007. The Missouri Department of Social Services ultimately rejected this application.

83. On or about October 7, 2008, OUAZZANI submitted and caused to be submitted an application which he had signed and dated September 18, 2008, to the Missouri Department of Social Services for Missouri HealthNet Services (Medicaid) benefits for himself, his wife, and their two minor children. In that application, OUAZZANI falsely stated that he was not employed and that no one in his home operated his own business or was otherwise self-employed. In an interview by Missouri Department of Social Services on or about October 9, 2008, defendant OUAZZANI was informed "that any false claim, statement or concealment of any material fact whatever, in whole or part, may subject me to criminal and/or civil prosecution."

84. On or about November 5, 2008, defendant OUAZZANI signed a Request for Application form for Missouri HealthNet benefits and for Food Stamps benefits and was interviewed by the Missouri Department of Social Services, Family Support Division. At the conclusion of the interview, defendant OUAZZANI signed an Interview Summary including information concerning his financial condition. In that Interview Summary, defendant OUAZZANI knowingly made the following material false and fraudulent statements: (1) the only bank accounts anyone in his household had was an account at Bank of America in the name of his wife with a value of $20.00 and an account at Bank of America in his name with a value of $0.00; (2) neither he nor any household members owned any real property; (3) neither he nor any household members owned any business equipment; and (4) neither he nor any household member had sold or given away any money, vehicles, property or other resources in the past three (3) months. In that form, which defendant OUAZZANI signed, there were penalty warnings about providing false information in connection with both the Food Stamp and Missouri HealthNet (Medicaid) programs.

85.   On or about March 10, 2009, defendant OUAZZANI met with the Missouri Department of Social Services and applied for food stamps and temporary assistance benefits.   During an interview at the Missouri Department of Social Services, OUAZZANI knowingly made the following material false and fraudulent statements:  (1) the only bank account he or a household member had was one account at Bank of America with a value of $0.00; (2) neither OUAZZANI nor any household member owned any real property; (3) neither OUAZZANI nor any household member owned any business equipment; and  (4) neither OUAZZANI nor any household member had sold or given away any money, property or other resources in the past three (3) months.

86.   In the applications and interview summaries with the Missouri Department of Social Services, defendant OUAZZANI failed to disclose (1) ownership of the real estate which he had purchased at tax foreclosure sales in Jackson County and St. Louis County, Missouri and which he had used as collateral in bank loan applications, including applications to Bank of America, Union Bank, Mazuma Credit Union, and Bank Midwest referred to in earlier counts of this Indictment, and (2) the operation and income from the businesses for which he had sought loans from these banks.

87.   On or about October 8, 2009, in an interview by an investigator for the Missouri Department of Social Services, OUAZZANI stated that he owned 14 real properties and his wife owned 4 real properties but that he did not list them on his public assistance applications because the properties were worthless.

### COUNT THIRTY-ONE
### (False Statement to a Government Agency)

88.   The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs eighty (80) through eighty-seven (87) of this Indictment.

27

89.     Between on or about September 18, 2008 and October 9, 2008, at Kansas City and elsewhere in the Western District of Missouri, defendant KHALID OUAZZANI, in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the United States Department of Health and Human Services (HHS),  did knowingly and willfully make and use, and cause to be made and used, a material false document, that is, a Missouri Department of Social Services, Missouri HealthNet form, entitled, "Application for Kids, Pregnant Women, and Parents," dated September 18, 2008, in which defendant OUAZZANI knowingly made the material false statements that (1) OUAZZANI was not employed and (2) OUAZZANI did not operate his own business or was otherwise self-employed;

All in violation of 18 U.S.C. § 1001(a)(3).

## COUNT THIRTY-TWO
**(False Statement to a Government Agency)**

90.     The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs eighty (80) through eighty-seven (87) of this Indictment.

91.     On or about November 5, 2008, at Kansas City, in the Western District of Missouri, defendant KHALID OUAZZANI, in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the United States Department of Agriculture (USDA), and the United States Department of Health and Human Services (HHS), did knowingly and willfully make false statements of material facts, that is, that (1) OUAZZANI only had two bank accounts, an account in his wife's name at Bank of America with a value of $20.00 and an account his name at Bank of America with a value of $0.00; (2) neither OUAZZANI nor any household members owned any real property; (3) neither OUAZZANI nor any household member owned any business

28

equipment; and (4) neither he nor any household member had sold or given away any money, property or other resources in the past three months;

All in violation of 18 U.S.C. § 1001(a)(2).

### COUNT THIRTY-THREE
**(False Statement to a Government Agency)**

92.     The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs eighty (80) through eighty-seven (87) of this Indictment.

93.     On or about March 10, 2009, at Kansas City, in the Western District of Missouri, defendant KHALID OUAZZANI in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the United States Department of Agriculture (USDA), and the United States Department of Health and Human Services (HHS) did knowingly and willfully make false statements of material fact that (1) the only bank account OUAZZANI or a household member had was one account at Bank of America with a value of $0.00; (2) neither OUAZZANI nor any household member owned any real property; (3) neither OUAZZANI nor any household member owned any business equipment; and  (4) neither OUAZZANI nor any household member had sold or given away any money, property or other resources in the past three months;

All in violation of 18 U.S.C. § 1001(a)(2).

### ALLEGATIONS OF FORFEITURE

94.     Upon conviction of one or more of the offenses alleged in (a) Counts One through Sixteen of this Indictment, bank fraud offenses affecting financial institutions pursuant to 18 U.S.C. § 1344, and (b) Counts Seventeen through Twenty-Four and Twenty-Seven, money laundering offenses pursuant to 18 U.S.C.  §§ 1956 and 1957, defendant KHALID OUAZZANI shall forfeit to

29

the United States pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in, and any property traceable thereto, including but not limited to, United States Currency in the amount of approximately $500,000.00 and a money judgment therefor.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

Dated:    2/3/2010

A TRUE BILL:

/s/Billy D. Tudor
Foreperson of the Grand Jury


/s/J. Daniel Stewart
J. Daniel Stewart
Assistant United States Attorney

/s/David M. Ketchmark
David M. Ketchmark
Assistant United States Attorney

/s/Brian P. Casey
Brian P. Casey
Assistant United States Attorney

/s/M. Alexander Menzel Jr.
M. Alexander Menzel Jr.
Special Assistant United States Attorney

30