1

2                   IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF MISSOURI
3                          WESTERN DIVISION

4   UNITED STATES OF AMERICA,      ) Case No. 10-00025-01-CR-W-HFS
                                    )
5              Plaintiff,           ) Kansas City, Missouri
                                    ) March 1, 2010
6   v.                              )
                                    )
7   KHALID QUAZZANI,                )
                                    )
8              Defendant.           )
    _____)

9
                TRANSCRIPT OF HEARING ON MOTION FOR DETENTION
10                   AND SCHEDULING CONFERENCE
              BEFORE THE HONORABLE SARAH W. HAYS
11               UNITED STATES MAGISTRATE JUDGE

12  APPEARANCES:

13  For the Plaintiff:         David M. Ketchmark, Esq.
                               Brian P. Casey, Esq.
14                             J. Daniel Stewart, Esq.
                               AUSA
15                             400 E. Ninth St., Ste. 5510
                               Kansas City, MO  64106
16                             (816) 426-3122

17  For the Defendant:         Robin D. Fowler, Esq.
                               7944 Santa Fe Drive
18                             Overland Park, KS  66204
                               (913) 652-9800
19
    Court Audio Operator:      Ms. Joella Baldwin
20
    Transcribed by:            Rapid Transcript
21                             Lissa C. Whittaker
                               1001 West 65th Street
22                             Kansas City, MO  64113
                               (816) 914-3613
23
    Proceedings recorded by electronic sound recording, transcript
24  produced by transcription service.

25

1          (Court in Session at 1:39 p.m.)

2          THE COURT:  All right.  Good afternoon.  We're here on

3     Case No. 10-25-CR-W-HFS.  If counsel would state their appearance

4     for the record.

5          MR. KETCHMARK:  David Ketchmark, Daniel Stewart and

6     Brian Casey on behalf of the United States.  Also at counsel

7     table is Scott Griswald, from the FBI.

8          MR. FOWLER:  May it please the Court, Your Honor?  Mr.

9     Quazzani appears in person and by and through Robin Fowler.

10          THE COURT:  All right.  We're here today for the

11     detention hearing.  And I don't remember now if we, I think we

12     already did the arraignment.  So, we're hoping to do the

13     scheduling conference as well while everyone's here.  But turning

14     to detention issues, are the parties ready to proceed?

15          MR. FOWLER:  We are, Your Honor, and I have a statement

16     to make that I think will short-circuit the process somewhat.

17          THE COURT:  Okay.

18          MR. FOWLER:  I talked to Mr. Quazzani.  He's aware of

19     the pleading that was filed under seal by the Government.  We had

20     planned on presenting evidence today, but Mr. Quazzani has

21     indicated that he does not want to do that and would like the

22     Court to make a finding based on the sealed pleading regarding

23     the detention issue.  And to the extent that matters that are

24     sealed are part of the Court's ruling, I'm sure the Court will do

25     it without being asked, but we would ask that not necessarily the

1  finding itself of detention but maybe the basis of that to be

2  sealed for obvious reasons.

3        MR. KETCHMARK:  Obviously, no objection to any of that,

4  Your Honor.

5        THE COURT:  I'm just -- it's been a while since we've

6  all been here, and I was just going back and looking.

7  Apparently, we never -- I thought we had started the detention

8  hearing.

9        MR. KETCHMARK:  We did, Your Honor.  At the last court

10 proceeding when we were in Judge Larsen's courtroom, we did open

11 the proceedings.  At that time, I asked the Court to take

12 judicial notice of the underlying Indictment that was handed down

13 on February the 3rd, and we also basically stipulated and agreed

14 that the information that was contained in the initial Pretrial

15 Services Report.

16        THE COURT:  That's what I thought.  And we'll -- oh,

17 okay.  I'm sorry.  I'm on the wrong -- my docket sheet hasn't

18 been updated to reflect this case.  So, I was looking at the

19 docket sheet and not seeing that entered.  But I just wanted to

20 make sure that that is what had happened.  So, in addition then

21 to the Pretrial Report and the stipulation as to -- I'm sorry --

22 the Indictment, was that it?  Certain facts in the Indictment?

23        MR. KETCHMARK:  Yes, Your Honor.

24        THE COURT:  Okay.

25        MR. KETCHMARK:  We ask you to take judicial notice of

1   the Indictment as well, as the parties stipulated to the

2   information contained in the Pretrial Service Report.

3           THE COURT:  Okay.  And then we're adding to that the

4   Information that was filed under seal, which is basically the

5   Government's stipulation and proffer of facts for the detention

6   hearing.

7           MR. KETCHMARK:  As well as, Your Honor, we filed a

8   supplemental suggestion in support of detention as part of that

9   sealed pleading.

10          THE COURT:  Right.  But in terms of the -- I'm just

11  trying to outline so that the record's clear what evidence the

12  Court has before it on the detention issue, and that would be the

13  Pretrial Services Report, the judicial notice of the Indictment

14  and then the 37-page stipulation?

15          MR. KETCHMARK:  That's correct, Your Honor.

16          THE COURT:  Okay.

17          MR. FOWLER:  Judge, I would also note I think there's

18  been a supplemental report also, and that can be made part of the

19  record as well.

20          THE COURT:  Thank you.  And then we have the

21  Supplemental Pretrial Services Report that both sides are willing

22  to have the Court look at and rely on?

23          MR. KETCHMARK:  That's correct, Your Honor.

24          THE COURT:  Okay.  All right.  Anything else?

25          MR. KETCHMARK:  No, that would factually conclude the

1  Government's submissions for detention, Your Honor.

2          THE COURT:  All right.  And any argument or anything

3  that anyone wants to make beyond what Mr. Fowler has indicated

4  for the record?

5          MR. KETCHMARK:  No, Your Honor.  We'd simply refer the

6  Court to the written submission that we filed under seal,

7  supplemental suggestions in support.

8          MR. FOWLER:  And we have nothing further, Your Honor.

9          THE COURT:  All right.  Based on that then, the Court

10  will grant the Government's Motion for Detention, and we will

11  issue a written detention order outlining the basis on which the

12  Court is granting the motion.  With respect to detention, is

13  there anything else that the Court needs to address?

14          MR. FOWLER:  Not as far as we're concerned, Your Honor.

15          MR. KETCHMARK:  Nothing from the Government, Your Honor.

16          THE COURT:  All right.  With respect to scheduling

17  issues, are the parties ready to address that particular issue?

18          MR. STEWART:  Yes, Your Honor.

19          MR. FOWLER:  Yes, Your Honor.

20          THE COURT:  All right.  The case is set on the March

21  22nd docket.  And I don't know if the parties have had a chance

22  to meet to talk about when the case will be ready for trial.

23          MR. FOWLER:  Judge, we have.  We have -- I've already

24  received a fair amount of discovery pretty quickly from the

25  Government, and they've indicated other items that we need to be

1  provided within pretty quick time table.  Having said that,

2  though, there are a significant number of documents.  I think,

3  candidly, this case is unlikely to go to trial.  At the same

4  time, there are a lot of documents to look through to try to

5  determine -- well, a number of factors, guidelines, et cetera.  I

6  would ask for 60 days before I file motions.  In discussing with

7  the Government, we kind of went through in our head where that

8  might leave us and thought maybe the August trial setting would

9  be appropriate.  So, that's kind of our thoughts, Your Honor.

10          THE COURT:  Are you going to then file a motion to

11  continue it until August?

12          MR. FOWLER:  Yes, Your Honor, I was going to file that

13  tomorrow.

14          THE COURT:  Okay.  And have you talked to the defendant?

15  He's in custody.  Does he have any objection to continuing the

16  case until August?

17          MR. FOWLER:  He does not, Your Honor.  We just discussed

18  it.  After I talked to the Government, had that time table, I

19  indicated he has a right to a speedy trial.  We were going to

20  move to continue that beyond the 70 days to an August trial

21  setting.  He's aware of that and said that was fine.

22          THE COURT:  All right.  And right now, so, you want 60

23  days in which to file pretrial motions, so, that would put it

24  around the first part of May?

25          MR. FOWLER:  Yes, Your Honor.

1      THE COURT:  Okay.  And right now, are there issues that

2  you think we'll need to have a hearing on?

3      MR. FOWLER:  I do not think so.  I think it will be

4  resolved, and I think we may know by that 60-day time table.  If

5  it turns out that we're not going to be able to resolve it and

6  that a hearing's necessary, we should know that by then as well.

7  I don't think we need to set any other hearings --

8      THE COURT:  Okay.

9      MR. FOWLER: -- or any motions.

10      THE COURT:  All right.  And turning to discovery

11  matters, defendant has no prior convictions, correct?

12      MR. STEWART:  Correct.

13      THE COURT:  And do you have statements from the

14  defendant?

15      MR. STEWART:  Yes.

16      THE COURT:  And any evidence obtained by search and

17  seizure?

18      MR. STEWART:  Yes.

19      THE COURT:  And what was that?

20      MR. STEWART:  There are several consents and --

21      THE COURT:  Consent of defendant?

22      MR. STEWART:  And a search warrant.

23      THE COURT:  A federal search warrant?

24      MR. STEWART:  Yes.

25      THE COURT:  And consent of the defendant as opposed to

1 another person?

2        MR. STEWART:  Correct.

3        THE COURT:  All right.  And any electronic --

4        MR. STEWART:  Actually both.  Both consent of the

5 defendant and a relative.

6        THE COURT:  All right.  Any electronic surveillance?

7        MR. STEWART:  Yes.

8        THE COURT:  And what was that?

9        MR. STEWART:  There were consentually recorded meetings

10 with one of the bank officers.  One is recorded audio and visual

11 and the other just audio.

12        THE COURT:  And any lineu-ps or photo IDs?

13        MR. STEWART:  No.

14        THE COURT:  Will you have expert testimony at trial?

15        MR. STEWART:  May.

16        THE COURT:  In what areas?

17        MR. STEWART:  While it's unlikely, there may be some

18 financial experts that would have to be called at trial relating

19 to some of the transactions.

20        THE COURT:  And were there any informants?

21        MR. STEWART:  No.

22        THE COURT:  Will there be promises made to any witnesses

23 at trial?

24        MR. STEWART:  No.

25        THE COURT:  And do you have any *Brady* or *Giglio*?

1          MR. STEWART:  No.

2          THE COURT:  Mr. Fowler, do you plan to raise any issues

3  of competency or diminished mental responsibility?

4          MR. FOWLER:  No, Your Honor.

5          THE COURT:  And right now, any defenses other than

6  general denial?

7          MR. FOWLER:  That would it, Your Honor.

8          THE COURT:  And does the Government have any relevant

9  offense conduct?

10          MR. STEWART:  Yes, Your Honor.

11          THE COURT:  And Rule 404(b)?

12          MR. STEWART:  Primarily the relevant.  There will be

13  some 404(b), other financial transactions similar to those

14  charged.

15          THE COURT:  And will both sides provide Jencks Act

16  material at least ten days prior to trial?

17          MR. STEWART:  Yes.

18          MR. FOWLER:  Yes, Your Honor.

19          THE COURT:  All right.  Is there anything else we need

20  to address today?

21          MR. STEWART:  Not on scheduling.

22          MR. FOWLER:  No, Your Honor.

23          THE COURT:  All right.  Then we'll be in recess.

24                    (Court Adjourned at 1:48 p.m.)

25

1

2

3

4

5

6

7          I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceeding in the
8   above-entitled matter.

9
          /s/ Lissa C. Whittaker        January 8, 2011
10          Signature of transcriber            Date

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25