```
 1

 2                IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF MISSOURI
 3                          WESTERN DIVISION

 4  UNITED STATES OF AMERICA,    ) Case No. 10-00025-01-CR-W-HFS
                                 )
 5           Plaintiff,          ) Kansas City, Missouri
                                 ) February 17, 2010
 6  v.                           )
                                 )
 7  KHALID QUAZZANI,             )
                                 )
 8           Defendant.          )
    _____)
 9
             TRANSCRIPT OF DETENTION AND ARRAIGNMENT HEARING
10                BEFORE THE HONORABLE SARAH W. HAYS
                    UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For the Plaintiff:           David Ketchmark, Esq.
13                               Brian Casey, Esq.
                                 Alex Mendel, Esq.
14                               AUSA
                                 400 E. Ninth St., Ste. 5510
15                               Kansas City, MO  64106
                                 (816) 426-3122
16
    For the Defendant:           Robin Fowler, Esq.
17                               Bath & Edmonds
                                 7944 Santa Fe Drive
18                               Overland Park, KS  66204
                                 (913) 652-9800
19
    Court Audio Operator:        Ms. JoRita Gicinto
20
    Transcribed by:              Rapid Transcript
21                               Lissa C. Whittaker
                                 1001 West 65th Street
22                               Kansas City, MO  64113
                                 (816) 914-3613
23
    Proceedings recorded by electronic sound recording, transcript
24  produced by transcription service.

25
```

1     (Court in Session at 2:11 p.m.)

2     THE COURT: All right. Good afternoon.

3     MR. KETCHMARK: Good afternoon.

4     MR. FOWLER: Good afternoon.

5     THE COURT: We're here on Case No. 10-0025. If counsel could state their appearance for the record.

7     MR. KETCHMARK: David Ketchmark, Alex Mendel and Brian Casey on behalf of the United States, Your Honor.

9     MR. FOWLER: May it please the Court, Your Honor? Mr. Quazzani appears in person and by and through Robin Fowler.

11    THE COURT: We have scheduled a detention hearing today and the arraignment. And turning to detention issues, we had a meeting in my office here just a few moments ago with all counsel involved. It's my understanding that the defendant wants to ask for a continuance of the detention hearing.

16    MR. FOWLER: That's correct, Your Honor.

17    THE COURT: Okay. And what I told the parties is because we've had this issue come up increasingly recently, and so, I've tried to take a look at it, I think from here on out, because the statute talks about having the hearing within three days of the filing of the motion or five days at the defendant's request, what I'd like to do is go ahead and start the detention hearing. To the extent the parties then want an opportunity to present additional evidence, I'll take the matter under advisement and continue it until a date we agree on. And I think

1  we've talked about March 1st.  And so, I would like to, at least,
2  get started with the detention hearing, if that's agreeable with
3  everyone.
4          MR. FOWLER:  Yes, Your Honor, it's fine.
5          MR. KETCHMARK:  Yes, Your Honor, that's fine with the
6  Government as well.
7          THE COURT:  All right.  And so, today, does the
8  Government have any evidence that they are prepared to offer?
9          MR. KETCHMARK:  I think, Your Honor, I've had an
10 opportunity to speak with Mr. Fowler.  It's my belief that the
11 Pretrial Service Report has been reviewed by both Mr. Fowler and
12 his client, as well as by the Government, and I think there would
13 be a joint stipulation as to the facts contained in the Pretrial
14 Service Report.
15         MR. FOWLER:  That is true, Your Honor.  And we join in
16 the proffer of that.  My client has looked at it, and we believe
17 it's accurate.
18         THE COURT:  All right.  Any other evidence -- I will
19 make a note of that, that the Court can consider the Pretrial
20 Services Report.  Any other evidence that the parties are
21 prepared to either offer or stipulate to today?
22         MR. KETCHMARK:  The only other thing that the Government
23 would ask, Your Honor, is that the Court take judicial notice of
24 the Indictment that was handed down and returned on February 3rd
25 of 2010 as well.

1          THE COURT:  Any objection to that?

2          MR. FOWLER:  No objection.  Maybe I'm jumping ahead.  We
3   were going to, I think, unseal that and probably the case caption
4   but I'll --

5          THE COURT:  Yeah, we'll talk about that in a minute.
6   But I think those of us here know the document that we're
7   speaking of, and I take it then you have no objection to the
8   Court also taking note of the allegations in the Indictment.

9          MR. FOWLER:  No objection.

10         THE COURT:  All right.  Any other evidence then today
11  besides those two items?

12         MR. KETCHMARK:  No, Your Honor.

13         THE COURT:  All right.  Then, at the defendant's
14  request, we are continuing the detention hearing until March 1st.
15  And I don't remember.  Did we agree on a time?

16         MS. GICINTO:  One-thirty.

17         THE COURT:  One-thirty?  March 1st at 1:30 to conclude.
18  And that would be evidence that either side wants to offer either
19  for, in favor of detention or opposing detention.  Now, Mr.
20  Fowler alluded to another issue.  We've had a lot of discussions
21  about the nature of this case.  The defendant -- the Indictment
22  was originally filed under seal, and at the time of the first
23  appearance, the Government had asked that it remain under seal.
24  A series of motions directed to why the case should remain under
25  seal were filed, and those motions will remain under seal.  But

1  it's my understanding at this point, the Government has no
2  objection to the Court unsealing the Indictment and processing it
3  in accordance with the normal procedures.
4       MR. KETCHMARK:  That's correct, Your Honor.
5       THE COURT:  And I think anything that has, other than
6  the Indictment that was filed under seal, will remain under seal.
7  But from this point forward, when we have proceedings, it will be
8  up to either defense counsel or Government counsel to determine
9  if something's going to be presented at a hearing that would be
10 of a nature that should not be shared publicly, and if so, you
11 would then either have to ask for a particular witness,
12 particular testimony or a particular proceeding to be under seal.
13 And the Court would address it as it would in any other
14 proceeding.  And I take it that's agreeable to both parties.
15      MR. KETCHMARK:  It is with the Government, Your Honor.
16      MR. FOWLER:  It is with us also, Your Honor.
17      THE COURT:  I think that leaves than for today the
18 arraignment.  Mr. Fowler, even at the time of the initial
19 appearance, I did not read the Indictment verbatim to the
20 defendant.  It's approximately 30 pages long.  I did summarize
21 briefly the counts and the penalties.  Is there any request that
22 we read it today here in court?
23      MR. FOWLER:  No, Your Honor, we would waive reading.
24 Mr. Quazzani's had it for approximately a week.  He has read it
25 at least twice.  I reviewed it count by count with him prior to

coming down here today.  He's well aware of the charges and the penalties.

THE COURT:  All right.  I appreciate that.  Let me just then, as part of the arraignment, briefly state that it is a 33-count Indictment.  It alleges bank fraud, money laundering, interstate fraud and false statements to government agencies.  It also contains forfeiture allegations.  The bank fraud charges, Counts One through Sixteen, Twenty-Nine and Thirty, all carry a penalty of not more than 30 years in prison, not more than a $1 million fine, not more than five years supervised release.  The money laundering counts under 18 U.S.C. Section 1956 in Counts Nineteen -- I'm sorry -- Counts Seventeen, Nineteen, Twenty-One, Twenty-Three and Twenty-Seven, carry a penalty of not more than 20 years in prison, not more than a $500,000 fine and not more than three years supervised release.  The money laundering charges under 18 U.S.C. 1957, in Counts Eighteen, Twenty, Twenty-Two, Twenty-Four and Twenty-Eight carry a penalty of not more than ten years in prison, not more than a $250,000 fine, not more than three years supervised release.  The charges of interstate fraud in Counts Twenty-Five and Twenty-Six carry the very same penalty that I just read for Counts Eighteen, Twenty, Twenty-Two, Twenty-Four and Twenty-Eight.  And Counts Thirty-One through Thirty-Three, the false statements to a government agency, contain a penalty, each count of not more than five years, not more than a $250,000 fine and not more than three years

1  supervised release.  There are allegations of forfeiture.  In
2  addition, each count carries a $100 mandatory special assessment.
3  Let me remind you that you have the right to remain silent.  You
4  can not be compelled to make a statement.  If you make a
5  statement, plan that it would be used against you.  You have the
6  right to hire a lawyer that you choose and pay for.  You've
7  chosen to do that in this case.  Had you been unable to hire a
8  lawyer, then I would have appointed one to represent you free of
9  charge.  With respect to the issue of release on bond, the
10 Government is asking for detention.  Today, we've had two pieces
11 of information offered towards the motion for detention, and we
12 will resume to take up any additional evidence to be offered on
13 the detention versus release issue March 1st at 1:30.  Mr.
14 Fowler, having advised the defendant of the charge and the
15 penalty and his rights, is he prepared to enter a plea?
16         MR. FOWLER:  Yes, Your Honor.  He'd plead not guilt to
17 all counts.
18         THE COURT:  The Court will direct that a not guilty plea
19 be entered on defendant's behalf.  This case is set for trial on
20 the March 22nd docket.  And I'm wondering if the parties -- I
21 know it doesn't give you a lot of time -- but if you'll be in a
22 position to talk about scheduling issues at the March 1st
23 continuation of the detention hearing?
24         MR. KETCHMARK:  That would be fine with the Government,
25 Your Honor.

1  MR. FOWLER: I agree, Your Honor.
2  THE COURT: All right. Is there anything further that
3 we need to address today?
4  MR. KETCHMARK: Not on behalf of the Government, Your
5 Honor.
6  MR. FOWLER: No, Your Honor, except just thank the Court
7 for its courtesy. I know I had a five-day continuance before we
8 got here, and I appreciate it very much.
9  THE COURT: All right. We'll be in recess.
10              (Off Record Talking)
11  THE COURT: Yes, and I hope I indicated, and maybe I
12 didn't -- I did sign the paperwork up here -- but the courtroom
13 deputy indicates I do need to say on the record that we're
14 unsealing the Indictment. I thought I had, but if I didn't, I
15 would indicate we're doing so at this time, processing it in
16 accordance with our normal procedures.
17  MR. KETCHMARK: Thank you.
18  MR. FOWLER: Thank you.
19  THE COURT: All right.
20              (Court Adjourned at 2:20 p.m.)
21
22
23
24
25

9

1
2
3
4
5
      I certify that the foregoing is a correct transcript
6 from the electronic sound recording of the proceeding in the
above-entitled matter.
7
8
     <u>/s/ Lissa C. Whittaker</u>     <u>January 11, 2011</u>
9      Signature of transcriber       Date
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25